UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEELCASE INC.
a Michigan Corporation
901 44th St. S.E.
Grand Rapids, MI 49508

       Plaintiff,

v.                            Case No._____

POMERANTZ ACQUISITION     Hon._____
CORPORATION
a Pennsylvania Corporation        **JURY TRIAL DEMANDED FOR**
123 South Broad St., Ste. 1260    **COUNT II**
Philadelphia, PA 19109

       Defendant.

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff, Steelcase Inc. ("Steelcase") by its attorneys, as and for its Declaratory Judgment Complaint against Pomerantz Acquisition Corporation ("Pomerantz"), alleges as follows:

### THE PARTIES

1.     Steelcase is a Michigan corporation with its principal place of business at 901 44th St. S.E., Grand Rapids, Michigan.  At all times relevant to this Complaint, Steelcase was and remains in the business of designing and manufacturing office furniture and selling the same through its authorized dealer network.

2.     Pomerantz is a Pennsylvania corporation with its principal place of business at 123 South Broad St., Ste. 1260, Philadelphia, Pennsylvania.  At all times relevant to this

58799843.1

Complaint, Pomerantz was and remains in the business of selling specialty furniture, including Steelcase branded products, as one of Steelcase's authorized dealers.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of this state and a citizen of a foreign state. Jurisdiction also arises and exists under 15 U.S.C. § 1121(a).

4. Personal jurisdiction exists over Pomerantz within this State pursuant to MCL § 600.705.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions giving rise to Steelcase's claims occurred in this judicial district and division.

## THE FACTS

6. For many years, Steelcase and Pomerantz have been parties to a dealership agreement known by the parties as the "Blue Book." The Blue Book describes the obligations, duties, and expectations of the parties. A true and correct copy is attached to this Complaint as Exhibit A.

7. Though described throughout the Blue Book, the chapter entitled "Dealer Responsibilities to Steelcase" identifies the material and essential requirements necessary to become and remain an authorized dealer of Steelcase branded furniture.

8. The Dealer Responsibilities are both uniformly required and uniformly enforced by Steelcase across its dealership network in the United States. Steelcase's expectations of

Pomerantz are neither more – nor less – than other similarly situated dealers in its distribution channel.

9. For at least ten years, Steelcase has consistently invested in Pomerantz in the hope and expectation that Pomerantz would ultimately meet Steelcase's minimum expectations for dealers as outlined in the Blue Book. Pomerantz has uniformly failed to meet such expectations, by a wide margin, during each of these years. Such failures occurred even though Steelcase was clear and consistent in identifying plans for Pomerantz to cure its deficiencies.

10. Beginning in January of 2024, the parties agreed to the terms of a focused improvement plan, by which Pomerantz was given one final opportunity to bring its business into compliance with the Blue Book.

11. Pomerantz failed to execute upon its performance plan despite the assistance and encouragement that Steelcase provided.

12. In compliance with the Blue Book, on November 18, 2024, Steelcase sent Pomerantz a written notice of its intention to terminate its relationship with Pomerantz effective on February 16, 2025. A true and correct copy of the letter is attached to the Complaint as Exhibit B.

13. After waiting more than one month, and sent the day after Christmas, counsel for Pomerantz issued a letter demanding that Steelcase rescind its termination notice on or before the close of business on December 31, 2024. The letter inaccurately describes the chronology of the relationship between the parties and includes numerous unjustified threats. A true and correct copy of the letter is attached to the Complaint as Exhibit C.

## COUNT I.
## DECLARATORY JUDGMENT

14. Steelcase incorporates by reference Paragraphs 1 through 13 above.

15. The foregoing facts demonstrate that there is an actual and justiciable dispute between the parties related to their respective obligations under the Blue Book, including whether Steelcase is permitted to terminate its association with Pomerantz.

16. As set forth above, the parties' interests are adverse and Steelcase has a legally protectable interest in maintaining and enforcing the terms of the Blue Book.

17. Consequently, Steelcase seeks and requests declarations from the Court including:

   (a) Pomerantz has materially breached its obligations set forth in the Blue Book;

   (b) As a result, Steelcase was authorized to terminate its association with Pomerantz; and

   (c) Steelcase may lawfully terminate its association with Defendant.

18. Given the factual and legal circumstances of the parties' relationship, Steelcase asks this Court to so declare, pursuant to 28 U.S.C. § 2201.

## COUNT II.
## BREACH OF CONTRACT

19. Steelcase incorporates by reference Paragraphs 1 through 18 above.

20. Steelcase and Pomerantz are parties to the Blue Book, a valid and enforceable agreement.

21. Steelcase has performed all of its obligations as required of it under the Blue Book.

22. Pomerantz has materially breached the terms of the Blue Book, including by its failures to: gain and maintain a reasonably acceptable annual market share within its non-exclusive territory; hire a sufficiently sized sales force reasonably trained to sell Steelcase products; engage with Steelcase in planning meetings and other instances where corroboration is

-5-

required; promote the Steelcase line in a manner where Pomerantz leads with Steelcase instead of competing brands in its portfolio; among other grounds.

23. Steelcase has been damaged as a result of Pomerantz's breach, in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Steelcase Inc., respectfully requests judgment as follows:

    A. Setting forth declarations in Steelcase's favor as sought herein;

    B. Awarding Steelcase damages resulting from Pomerantz's breach of contract in an amount to be proven at trial;

    C. Awarding Steelcase its attorney fees and costs; and

    D. For all other relief that Steelcase is entitled to receive and the Court deems proper.

-6-

## DEMAND FOR JURY TRIAL AS TO COUNT II

Pursuant to Fed. R. Civ. P. 38(b), Steelcase Inc., respectfully requests a trial by jury on Count II.

Dated:  December 31, 2024

Respectfully submitted,

HONIGMAN LLP

By:  */s/ Mark S. Pendery*
Mark S. Pendery (P57683)
200 Ottawa Ave. NW, Suite 700
Grand Rapids, MI 49503
Telephone: (616) 649-1910
mpendery@honigman.com

*Attorneys for Plaintiff
Steelcase Inc.*